IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:15-CV-00103-GCM

| | |
|---|---|
| WINDY CITY INNOVATIONS, LLC, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>MICROSOFT CORPORATION, )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant Microsoft Corp.'s Motion to Change Venue (Doc. No. 16) and Memorandum in Support (Doc. No. 17), filed on July 31, 2015. Plaintiff filed a Memorandum in Opposition on August 17, 2015 (Doc. No. 25), and Defendant filed its Reply on August 27, 2015 (Doc. No. 28). The case was reassigned to the undersigned on March 7, 2016, along with a case asserting similar allegations against Facebook, Inc. (*Windy City Innovations, LLC v. Facebook, Inc.*, 1:15-cv-102-GCM (W.D.N.C. 2015)), and the parties' motions are ripe for disposition. For the following reasons, Defendant's Motion will be **GRANTED IN PART**, and this action will be transferred to the Northern District of California.

## I. BACKGROUND

The Plaintiff in this matter, Windy City Innovations, Inc., is a Delaware limited liability company with a principal place of business in Chicago, Illinois. (Compl. ¶ 1, Doc. No. 1) Plaintiff has acquired the rights to four patents[1] issued by the United States Patent and Trademark Office between 2013 and 2014. (Compl. ¶¶ 6-10, Doc. No. 1) The named inventor

---

[1] The patent numbers are as follows: No. 8,407,356, entitled "Real Time Communications System"; No. 8,458,245, entitled "Real Time Communications System"; No. 8,473,552, entitled "Communications System"; and No. 8,694,657, entitled "Real Time Communications System."

on the patents is Daniel Marks, a professor of electrical and computer engineering at Duke University in Durham, North Carolina. (Compl. ¶¶ 11-15, Doc. No. 1) Although the Complaint does not allege an employment relationship between Marks and Windy City, Plaintiff's Memorandum in Opposition represents that he serves as the company's Chief Technology Officer. (*See* Plaintiff's Memorandum in Opposition at 6, Doc. No. 25)

Defendant Microsoft Corporation is a Washington corporation that maintains its principal place of business in Redmond, Washington. (Compl. ¶ 2, Doc. No. 1) The employees who are responsible for developing the various products that Plaintiff alleges infringe its patents are located primarily in Redmond. (Memorandum in Support at 2-5, Doc. No. 17) However, some relevant employees are located in other U.S. cities (3 employees reside in Palo Alto, California, and one resides in Los Angeles, California) or abroad. (Memorandum in Support at 2-5, Doc. No. 17)

On June 2, 2015, Plaintiff filed a complaint against Defendant in Asheville, North Carolina, alleging infringement of Plaintiff's four patents. (Doc. No. 1) The Complaint asserts that venue is proper in the Western District of North Carolina because "Microsoft has regularly conducted business in this judicial district" and "has a regularly established place of business" here. (Compl. ¶ 5, Doc. No. 1) Microsoft concedes that it maintains a customer service support facility, and a separate retail location, in Charlotte, North Carolina. (Defendant's Memorandum at 5-6 & n.4, Doc. No. 17) These two locations employee approximately 1000 employees. (*Id.*)

Defendant filed a Motion to Dismiss on July 24, 2015 (Doc. No. 20). Plaintiff filed a Response in Opposition on August 10 (Doc. No. 24), and Defendant filed its Reply on August 20 (Doc. No. 22). On July 31, Defendant filed a Motion to Change Venue (Doc. No. 16) and Memorandum in Support (Doc. No. 17). Plaintiff filed a Memorandum in Opposition on August

17 (Doc. No. 25), and Defendant filed its Reply on August 27 (Doc. No. 28). Thus, both motions are ripe for disposition. Because the Court will partially grant Defendant's Motion to Transfer Venue, and finds that this action should be transferred to the Northern District of California, it will not address the Motion to Dismiss and will defer to the transferee court on that issue.

## II. STANDARD OF REVIEW

United States Code Title 28 Section 1391(b) provides that a plaintiff may bring a civil action in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction." As the Supreme Court has explained, "[w]hen venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, 134 S. Ct. 568, 578 (2013).

Section 1404(a) of the same Title provides, in relevant part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Congress designed § 1404(a) as a "federal judicial housekeeping measure," *Van Dusen v. Barrack*, 376 U.S. 612, 636 (1964), that operates to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," *id.* at 616 (internal quotation marks and citation omitted). In a motion brought

pursuant to § 1404(a), the moving party bears the burden of establishing (1) that the plaintiff could have brought the case in the transferee district and (2) that transfer would make the litigation more convenient for the parties and for the witnesses, and would advance justice. *See Datasouth Computer Corp. v. Three Dimensional Techs*., Inc., 719 F. Supp. 446, 450 (W.D.N.C. 1989). The district court retains "substantial discretion" to decide transfer motions by weighing the various relevant factors. *Id.*

### III. ANALYSIS

It is undisputed that this action could have been brought in the Northern District of California. Thus, this Court must consider whether transfer would promote the parties' convenience and the interests of justice. The Western District of North Carolina has consistently applied an eleven-factor test in analyzing whether transfer would advance the interests of justice. Those factors are:

> (1) the Plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for the attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home . . . ; and (11) the avoidance of issues involving conflict of laws.

*Am. Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583, 585 (2005).[2]

This Court ordinarily gives great weight to the Plaintiff's choice of forum. *See, e.g.*, *BellSouth Telecommunications, Inc. v. N.C. Utilities Comm'n*, 3:05-cv-345, 2005 WL 2416204 (W.D.N.C. 2005). However, as both parties acknowledge, the weight given to the plaintiff's "varies with the significance of the contacts between the venue chosen by plaintiff and the

---

[2] Both parties agree that the enforceability of judgment, the avoidance of conflicts of law issues, and the necessity of a view of Microsoft's premises are not implicated in this case. (Defendant's Memorandum in Support at 21-22, Doc. No. 17; Plaintiff's Memorandum in Opposition at 4 n.1, Doc. No. 25)

underlying contacts." *Sandvik Intellectual Prop. AB v. Kennametal Inc.*, No. CIV. 1:09CV163, 2010 WL 1924504, at *6 (W.D.N.C. May 12, 2010) (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 635 (E.D. Va. 2003)).  For this reason, where there is "little connection between the claims and this judicial district," a plaintiff's choice of forum may be given little weight in favor of transfer to "a venue with more substantial contacts."  *Id.* (quoting *Koh*, 250 F. Supp. 2d at 635).  As a general matter, then, a motion to transfer from the plaintiff's chosen venue will often be granted where this district "is neither the plaintiff's residence, nor the place where the operative events occurred."  *Husqvarna AB v. Toro Co.*, No. 3:14-CV-103-RJC-DCK, 2015 WL 3908403, at *2 (W.D.N.C. June 25, 2015).

In this instance, the Court will give Plaintiff's choice of forum little weight in its analysis.  Plaintiff has failed to identify any meaningful connection between this ligation and the Western District of North Carolina.  The allegedly infringing products were not invented here, nor is their development and maintenance centered here.  Plaintiff has identified no relevant witnesses in this district, its patents were not acquired here, and Plaintiff does not reside here.  To the extent Plaintiff attempts to base an association with this district on its relationship with inventor Daniel Marks, it establishes only a potential connection to the *Eastern* District of North Carolina.  (Plaintiff's Memorandum in Opposition at 11, Doc. No. 25)  Plaintiff's insistence that it plans to call an expert who resides in Virginia is even less availing.  (Plaintiff's Memorandum in Opposition at 13, Doc. No. 25)

Plaintiff's argument that "Microsoft sells numerous infringing products via its retail partners, such as Best Buy, Wal-Mart, Target, Costco, AT&T, Verizon," and at its own dedicated retail location, is similarly unpersuasive.  (Plaintiff's Memorandum in Opposition at 5, Doc. No. 25)  Plaintiff suggests that this fact means that "events giving rise to the cause of action"

occurred in this district. (*Id.* (quotation omitted)). The Court disagrees. Plaintiff alleges causes of action for patent infringement, and the sale of various Microsoft products in this district does not change the fact that there appears to be no person or piece of evidence in this district that can shed light on whether or not such conduct occurred. *Cf. PlayVision Labs, Inc. v. Nintendo of Am., Inc.*, No. 3:14-CV-312-GCM, 2014 WL 6472848, at *2 ("The Complaint notes that Nintendo sells the [infringing] product in North Carolina, but the Court suspects that Nintendo sells this product in every other state as well."). Finally, the fact that Microsoft maintains a call center in Charlotte does not establish a relevant connection. (Plaintiff's Memorandum in Opposition at 10, Doc. No. 25) Again, the employees at that facility apparently had no involvement in any alleged infringement.

Plaintiff asserts that two other factors weigh against transfer. First, it claims that other problems which might make the litigation more expeditious and economical "weigh heavily against transfer." (Plaintiff's Memorandum in Opposition at 16, Doc. No. 25) This argument is based on the pendency of the parallel litigation against Facebook in this district. However, the Court finds that both cases similarly lack a discernible connection to this district, and both defendants have consented to transfer to the Northern District of California. Thus, Plaintiff's attempt to rely on this factor is entitled to no weight. Second, Plaintiff argues that "court congestion" weighs against transfer. (*Facebook, Inc.*, 1:15-cv-102-GCM, Plaintiff's Response Memorandum at 21-22, Doc. No. 29) Because the Northern District of California does appear to be slightly more congested than this district, this factor weighs against granting Defendant's Motion.

Nevertheless, "[d]ocket conditions, while a consideration, cannot be the primary reason for retaining a case in this district." *Cognitronics Imaging Sys., Inc. v. Recognition Research,*

6

*Inc.*, 83 F.Supp.2d 689, 699 (E.D. Va. 2000); *accord. PlayVision Labs, Inc.*, No. 3:14-CV-312-GCM, 2014 WL 6472848, at *4.  And in this case, the balance of the other relevant factors favors transfer.  Specifically, the residence of the defendants in these related actions, the ease of access of proof, and the interest in making the litigation more expeditious and economical suggest that it would be significantly more efficient and convenient to conduct this litigation in the Northern District of California.

The alleged acts of infringement—the development of various Microsoft products that Plaintiff complains about—all occurred on the West Coast, and the relevant employees and documents are also located there.  Plaintiff argues that deposition testimony is inevitable (Plaintiff's Memorandum in Opposition at 15, Doc. No. 25), and a transfer to the Western District of Washington or Northern District of California would simply shift the inconvenience of travel from Defendant to Plaintiff (*Id.* at 7).  However, this Court agrees with Defendant that Plaintiff has broadly alleged that its patents, developed by Marks, are being infringed by a large number of Microsoft products developed by numerous engineers.  The only other witness that Plaintiff has identified is its Virginia-based expert.  It is undeniably easier and more cost effective to transport two individuals to a major metropolis like San Francisco or San Jose than it is to transport numerous Microsoft and Facebook employees from the West Coast to the mountains of North Carolina.  Moreover, there is no indication that it would be at all convenient for Windy City, located in Chicago, to travel in and out of Asheville—where it seems to have no business aside from this litigation.

It also appears to the Court that the Western District of North Carolina has no local interest in this case.  By contrast, the Northern District of California, has a strong local interest in the technology community that has long resided there—including Microsoft and Facebook,

7

which maintain a presence in the district.  The Court acknowledges that the Western District of Washington may also be a convenient venue, and have a local interest in the resolution of the case, but that these factors are outweighed by the efficiency of trying the Microsoft and Facebook cases in the same court.

### IV. CONCLUSION

In short, "[t]his Court cannot stand as a willing repository for cases which have no real nexus to this district."  *Cognitronics Imaging Sys., Inc.*, 83 F.Supp.2d at 699.  The Court finds that convenience to the parties and witnesses, as well as the interests of justice, favor transferring this action to the Northern District of California.

**THEREFORE**, Defendant's Motion to Transfer Venue (Doc. No. 16) is **GRANTED IN PART**.  This case is to be **TRANSFERRED** from the Western District of North Carolina to the Northern District of California pursuant to 28 U.S.C. § 1404 for such further proceedings as that court may deem appropriate.

**SO ORDERED.**

Signed: March 16, 2016

Graham C. Mullen
United States District Judge