UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WINDY CITY INNOVATIONS, LLC,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Case No.  16-cv-01729-YGR

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 14

Plaintiff Windy City Innovations, LLC filed this action in the Western District of North Carolina against defendant Microsoft Corp. for alleged infringement of four of plaintiff's patents. (Dkt. No. 1, "Compl.")  Based thereon, plaintiff seeks:  (i) a declaratory judgment finding that defendant has infringed plaintiff's patents; (ii) a preliminary and permanent injunction preventing defendant from continuing to infringe upon the patents at issue, or in the alternative, a compulsory ongoing licensing fee award; (iii) an award of attorneys' fees; (iv) damages, including supplemental damages for any continuing post-verdict infringement, as well as enhanced damages for willful infringement; (v) costs for pursuing this action; (vi) pre-judgment and post-judgment interest on the damages awarded; and (vi) any other relief the Court may deem just and proper.

Currently pending before the court is defendant's motion to dismiss the complaint for failure to state a patent infringement claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on July 24, 2015.  (Dkt. Nos. 14 & 15, "Mtn.")  Plaintiff filed a response in opposition to defendant's motion on August 10, 2015 (Dkt. No. 24, "Opp'n"), and defendant filed a reply on August 20, 2015 (Dkt. No. 27, "Reply").  The case was transferred from the Western District of North Carolina to the Northern District of California on April 6, 2016.  (Dkt. No. 30.)  Defendant re-noticed the Motion to this Court on May 18, 2016.  (Dkt. No. 51.)

Having carefully reviewed the papers and evidence submitted and the pleadings in this

action, and for the reasons set forth more fully below, the Court hereby **GRANTS IN PART,** and

**DENIES IN PART** defendant's motion to dismiss plaintiff's complaint.[1]

### I.   BACKGROUND

Plaintiff Windy City is a limited liability company incorporated in Delaware and maintains its principal place of business in Illinois.  (Compl. ¶ 1.)  Defendant Microsoft is incorporated and has its headquarters in Washington.  (*Id.* at ¶ 2.)  Plaintiff brings this patent infringement action against defendant for the alleged violation of four of its patents:  (i) U.S. Patent No. 8,407,356, a "Real Time Communications System" patent containing thirty-seven claims; (ii) U.S. Patent No. 8,458,245, a "Real Time Communications System" patent containing fifty-eight claims; (iii) U.S. Patent No. 8,473,552, a "Communications System" patent containing sixty-four claims; and (iv) U.S. Patent No. 8,694,657, a "Real Time Communications System" patent containing 671 claims (collectively, the "Patents").  (*Id.* at ¶¶ 6–9.)

According to the complaint, the Patents "generally cover a real time communications system for managing and facilitating communication of digital data, including different media types across networks."  (*Id.* at ¶ 11.)  Additionally, the Patents cover a "computer network (i.e., a server network) that arbitrates permissions and distribution of multimedia information messages utilizing, for example, an application program interface ('API')."  (*Id.*)  Specifically, plaintiff describes that the technology in the Patents is used to "create[] a virtual connection among individual computers via the Internet, permits access to the connection in accordance with predefined rules (e.g., user identity), arbitrates communications in accordance with predefined rules, and provides an application programming interface multiplexing and demultiplexing communications by message type."  (*Id.* at ¶ 13.)

The complaint alleges that "Microsoft offers communications software products that

----

[1] The Court **VACATES** the hearing currently set on this motion for June 21, 2016.

provide for real-time communications over the Internet, including *inter alia*, instant messaging, online meetings, screen sharing, and voice and video calls." (*Id.* at ¶ 16.) In particular, plaintiff alleges that certain Microsoft products offer "functionality that enables [] users to create and virtually connect to a network of contacts, share multimedia files with all or some of those contacts, establish private chat groups, customize privacy settings, and communicate in real time via . . . chat, video chat, and messages functionalities," in violation of the Patents. (*E.g. id.* at ¶ 18.) Specifically, plaintiff asserts that the following of defendant's products infringe on the Patents by providing such functionality: "Skype,"[2] "Lync,"[3] "Skype for Business,"[4] "Xbox,"[5] "Surface Tablets,"[6] and "Microsoft Mobile Phones"[7] (collectively, the "Accused

---

[2] The complaint defines "Skype" as the "Skype website, Skype internet communication applications, client software (including, e.g., plug-ins, third-party applications, or helper applications), Microsoft's internal and developer Skype APIs, other Skype-branded hardware or software applications, servers and computers that are used to support the described functionalities." (*Id.* at ¶ 18.)

[3] "Lync" refers to "Lync internet enterprise communication software applications, the Lync website, Lync Server, Lync Online, Lync client software (including, e.g., plug-ins, third-party applications, or helper applications), Lync Web App, Microsoft's internal and developer Lync APIs, other Lync-branded hardware or software applications, servers and computers that are used to support the described functionalities, including facilitating Lync communications and virtual connections between Lync users, and includes any improvements, modifications, enhancements, fixes, updates, upgrades and future versions through trial." (*Id.* at ¶ 20.)

[4] "Skype for Business" refers to "Skype for Business internet enterprise communication software applications, the Skype for Business website, Skype for Business Server, Skype for Business Online, Skype for Business client software (including, e.g., plug-ins, third-party applications or helper applications), Skype for Business Web App, Microsoft's internal and developer Skype for Business APIs, other Skype for Business-branded hardware or software applications, servers and computers that are used to support the described functionalities, including facilitating Skype for Business communications and virtual connections between Skype for Business users, and includes any improvements, modifications, enhancements, fixes, updates, upgrades and future versions through trial." (*Id.* at ¶ 20.)

[5] "Xbox" refers to "Microsoft's gaming consoles including Xbox, Xbox 360, Xbox One, Microsoft's Xbox Live servers, Xbox Skype and chat or messaging applications, Xbox client software (including e.g., plug-ins, third-party applications, or helper applications), Xbox Live software, the Xbox live website, internal and developer Skype and Xbox or Xbox Live APIs, other Xbox-branded hardware or software applications, servers and computers that are used to support the described functionalities." (*Id.* at ¶ 22.)

[6] "Surface Tablets" refers to "Microsoft's tablet and laplet devices (e.g. Surface, Surface Pro, Surface 2, Surface Pro 2, Surface 3, and Surface Pro 3), Windows and Windows Mobile

United States District Court
Northern District of California

Instrumentalities").  (*Id.* at ¶¶ 18, 20, 22, 23, 27.)

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted.  Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.  *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

operating systems, the Skype application, chat and messaging applications, Surface client software (including, e.g., plug-ins, third-party applications, or helper applications), Surface-branded hardware and software applications, internal and developer Skype APIs, internal and developer Windows Mobile APIs, servers and computers that are used to support the described functionalities."  (*Id.* at ¶ 23.)

[7] "Microsoft Mobile Phones" refers to "Microsoft's mobile phone devices (including, e.g., Lumia phones), Windows Phone and Windows Mobile operating systems, the Skype application, chat and messaging applications, Windows Phone and Windows mobile client software (including, e.g., plug-ins, third-party applications, or helper applications), Microsoft, Nokia, or Lumia-branded hardware and software applications, internal and developer Skype APIs, internal and developer Windows Phone/Mobile APIs, servers and computers used to support the described functionalities."  (*Id.* at ¶ 23.)

United States District Court
Northern District of California

what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 554–55

(quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).  Even under the liberal pleading standard

of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal brackets and

quotation marks omitted)).  The Court will not assume facts not alleged, nor will it draw

unwarranted inferences.  *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a

plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its

judicial experience and common sense.").

## B.    Analysis

Plaintiff alleges three claims against defendant:  (1) direct infringement; (2) indirect

infringement; and (3) contributory infringement.  Additionally, plaintiff alleges that defendant

infringed willfully, entitling plaintiff to enhanced damages.  Defendant moves to dismiss each of

those claims and challenges plaintiff's allegations of willful infringement.  The Court addresses

each, in turn.

### 1.  Direct Infringement

For a direct infringement claim, plaintiff must allege that defendant, without authority,

makes, uses, offers to sell, sells, or imports any patented invention within the United States during

the term of the patent.  35 U.S.C. § 271(a).

Defendant argues that the "generality and breadth of the[] allegations fail to provide

[defendant] with any meaningful notice of what is at issue in this case and what it must defend."

(Mtn. 2.)  Specifically, defendant takes issue with plaintiff's failure to identify which of the

Accused Instrumentalities or components thereof are "implicated on a per-patent basis, let alone a

per-830-claims basis." (*Id.* at 3.)  Defendant further argues that the "expansive identification of

accused products coupled with the vast number of possible claim permutations effectively renders

5

the [c]omplaint incomprehensible and provides [defendant] with no reasonable basis to understand or defend the claim(s) against it."  (*Id.*)

Plaintiff defends its complaint on two grounds:  (a) that the pleading standard set forth in Form 18 controls;[8] and (b) even under the pleading standard set forth in *Twombly* and *Iqbal*, plaintiff's complaint is sufficient to withstand a motion to dismiss.  (Opp'n 9–14.)  Specifically, plaintiff notes that the complaint "alleged significant factual detail regarding infringement:  Windy City explained the invention, particularly defined the specific Microsoft products and systems accused of infringement, and outlined ways in which these instrumentalities infringe."  (*Id.* at 16 (emphasis in original); *see also* Compl. ¶¶ 11, 13, 14, 16–23, 30, 34, 37 (defining the specific Microsoft products and systems accused of infringement and outlining ways in which these instrumentalities infringe.)  Additionally, plaintiff contends that "per-patent infringement contentions are not required at the pleading stage" and that the local rules do not require a disclosure of asserted claims and infringement contentions until thirty (30) days after the entry of the Court's scheduling order.  (Opp'n 15 (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) and W.D.N.C. P.R. 3-1).)[9]  Defendant merely asserts, without support, that it would be unfair to make plaintiff wait until the date set by the local patent

---

[8] Form 18, per former Federal Rule of Civil Procedure 84, set forth "a sample complaint for direct patent infringement."  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  The Federal Circuit acknowledged that the "forms in the Appendix suffice under [the Federal Rules of Civil Procedure] and illustrate the simplicity and brevity that these rules contemplate."  *Id.* (citing Fed. R. Civ. P. 84).  The Federal Circuit held that neither *Twombly* nor *Iqbal* alters the requirements set forth in Form 18 for pleading a direct infringement claim.  *Id.*  Form 18 sets forth a much lower pleading standard than does *Twombly* and *Iqbal*.  *Id.*  Under Form 18, plaintiff need not "plead facts establishing that each element of an asserted claim is met" nor did a plaintiff need to "identify which claims it asserts are being infringed."  *Id.*  As discussed below, however, Form 18 has been abrogated by the most recent amendments to the Federal Rules of Civil Procedure.  *See infra.*

[9] The Patent Rules in this district contain an analog to Western District of North Carolina Patent Rule 3-1.  Here, the party claiming a patent infringement shall "serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions'" no "later than 14 days after the Initial Case Management Conference."  Patent L.R. 3-1.  The initial case management conference for this action is currently set for July 25, 2016.  (Dkt. No. 54.)

rules to obtain information on "which specific products are alleged to infringe which specific claims." (Mtn. 6.)

Defendant on reply argues that the Accused Instrumentalities are defined so broadly in the complaint that they fail to provide any "specificity whatsoever" adding that "Windy City cannot disclose a forest and expect that to satisfy its obligation to identify specific trees." (Reply 2.) Additionally, defendant argues that the definitions plaintiff ascribed to each of the products "provide no notice to [defendant] of what is actually accused of infringement, especially when considered against the backdrop of 830 patent claims." (Reply 3.)

As an initial matter, the Court notes that since plaintiff filed the complaint and since the parties briefed this motion, Rule 84, upon which the pleading standard set forth in Form 18 is based, has been abrogated by amendments to the Federal Rules of Civil Procedure, which took effect on December 1, 2015. *See Avago Techs. General IP (Singapore) PTE Ltd. v. Asustek Comput., Inc.*, Nos. 15-cv-4525 & 16-cv-451, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016) (recognizing abrogation of Rule 84 and the Form 18 pleading standard for direct infringement patent claims). Some courts have found that the change applies retroactively to cases filed before the Form 18 pleading standard was abrogated, applying the *Twombly* and *Iqbal* pleading standards to such patent claims. *Cf. id.* (citing cases). Others have applied the lower standard set forth in Form 18 where the complaint was filed prior to when the amendments abrogating Form 18 became effective. *See Bluestone Innovations LLC v. Bulbrite Indust. Inc.*, No. 15-cv-5478, 2016 WL 1535059, at *3 (N.D. Cal. Apr. 15, 2016). The Court need not decide that issue here.

For the purposes of this Order, the Court will assume, in defendant's favor and against plaintiff, that Form 18 no longer provides the proper measure for the sufficiency of a complaint and that the *Twombly* and *Iqbal* pleading standards apply. *See Avago*, 2016 WL 1623920, at *4. But, even assuming that the higher standard set forth in *Twombly* and *Iqbal* applies to plaintiff's direct infringement claim, defendant does not prevail.

7

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In support of its arguments that the direct infringement claims should be dismissed under a *Twombly* and *Iqbal* analysis, defendant cites *Macronix Int'l Co., Ltd. v. Spansion, Inc.*, 4 F. Supp. 3d 797 (E.D. Va. 2014), *Ziemba v. Incipio Techs., Inc.*, No. 13-cv-4490, 2014 WL 4637006 (D.N.J. Sept. 16, 2014), and *Joao Ctrl. & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-cv-134, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015).  In *Macronix*, the court, applying the *Twombly* and *Iqbal* pleading standards, dismissed the complaint because it failed to allege how the offending products infringed the patent claims.  *Macronix*, 4 F. Supp. 3d at 804.  In *Ziemba*, the court found that the complaint was devoid of any facts and failed to allege how defendant was infringing on the patent claims and which products were infringing on plaintiff's patent.  *Ziemba*, 2014 WL 4637006, at *3.  And in *Joao*, the court, applying the requirement set forth in Form 18, in fact refused to dismiss a complaint involving six patents and over 900 potential claims, many of which plaintiff admitted are inapplicable to defendant's products and services.  *Joao*, 2015 WL 3513151, at *4.  The Complaint here is not so riddled with such deficiencies.  To the contrary, the Complaint describes (i) the Accused Instrumentalities and the functionalities of those products which allegedly infringe on plaintiff's patents and (ii) the ways in which the Accused Instrumentalities meet claims of the Patents.  Additionally, defendant's argument that it should be entitled to notice at the pleading stage of which specific products infringed on which specific claims in the patents is belied by both the local patent rules and Federal Circuit authority.  *See Phonometrics*, 203 F.3d at 794 (reversing district court order, which dismissed a complaint with leave to amend to include specific allegations about each element of the claims of the asserted patent); *see also* Patent L.R. 3-1 (setting deadlines for disclosure of specific patent claim assertions).  The complaint's allegations relating to plaintiff's direct infringement claim against defendant are sufficient to withstand a motion to dismiss.  Moreover, under the patent rules, the plaintiff is required to serve detailed disclosures later this summer.  The Court is not inclined to belabor the Rule 12 motion practice.  Accordingly, the Court **DENIES** defendant's motion to

8

United States District Court
Northern District of California

dismiss plaintiff's direct infringement claims.

### 2.  Indirect Infringement:  Induced

To make out a claim for induced infringement, plaintiff must sufficiently allege that defendant "actively induced infringement of a patent."  35 U.S.C. § 271(b).  "Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).  This standard is also met where a plaintiff has made a showing that defendant "willfully blinded itself to the infringing nature" of the acts it encouraged others to make.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2071 (2011).  Defendant asserts that plaintiff's allegations are not sufficient to support a claim that defendant "specifically intended to induce [] infringement, and that the defendant had knowledge that the induced acts constituted patent infringement."  (Mtn. 6.)  Additionally, defendant argues that, to the extent plaintiff is alleging the existence of pre-suit knowledge, plaintiff's induced infringement claims with respect to any pre-suit conduct should be dismissed.  (Mtn. 5–6.)  Specifically, defendant argues that plaintiff's allegations regarding defendant's knowledge of a related patent and a patent application is not sufficient to allege knowledge of the Patents at issue here for the purposes of an induced infringement claim.  (Mtn. 5.)  On reply, defendant cites *Carpenter* in support of its position that plaintiff's allegations are insufficient.  (Reply 7 (citing *Carpenter*, 620 F. App'x at 938 (noting that the complaint simply alleged that the defendants had "induced infringement of and/or contributorily infringed the Patent" and failed to contain any "allegations regarding intent or any specific acts caused by [d]efendants").)

The Court disagrees with defendant and finds that the allegations are sufficient to support a claim of induced infringement.  For instance, in the complaint, plaintiff alleged that defendant modified "in response to user actions, the configuration of user computers and devices and by encouraging users to use their computers and devices, so modified, to interact with Microsoft's

Accused Instrumentalities, thereby inducing use of the claimed inventions." (*Id.* (citing Compl. ¶ 34).)  Such allegations are sufficient to raise at least a reasonable inference that defendant intended to induce infringement of the Patents.

However, the Court finds that plaintiff's allegations of pre-suit knowledge are insufficient to support an inference that defendant was aware—or at least willfully blind—to the fact that their products were infringing on the Patents prior to the filing of the complaint.  *See McRee v. Goldman*, No. 11-cv-00991, 2012 WL 3745190, at *3 (N.D. Cal. Aug. 28, 2012) (holding that "mere knowledge of a pending patent application . . . does not give rise to liability for inducement").  Nevertheless, to the extent that the complaint alleges claims of induced infringement after the filing of the suit, courts have held that post-suit knowledge is sufficient to sustain a finding that defendant had the requisite knowledge to support claims for indirect infringement.  *See CAP Co., Ltd. v. McAfee, Inc.*, Nos. 14-cv-05068 & 14-cv-05071, 2016 WL 3945875, at *4–5 (N.D. Cal. June 26, 2015); *see also Walker Digital, LLC v. Facebook, Inc.*, 2012 WL 1129370, at *6 n.11 (D. Del. Apr. 4, 2012); *Rembrandt Soc. Media, L.P. v. Facebook, Inc.*, 950 F. Supp. 2d 876, 882 (E.D. Va. June 12, 2013) (noting that the majority rule is to allow post-suit knowledge but adding that the consequence of relying on service of the suit is that plaintiff may only recover damages "for indirect infringement for the period of time that commences once the putative infringer learns of the patent").

Accordingly, the Court **DENIES** defendant's motion to dismiss induced infringement claims, but notes that such claims are limited to post-suit actions because of plaintiff's failure to adequately allege pre-suit knowledge.

### 3.  Indirect Infringement:  Contributory

To make out a claim for contributory infringement, plaintiff must sufficiently allege that defendant "offers to sell or sells . . . a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process,

10

constituting a material part of the invention, knowing the same to be especially or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). A plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing use." *In re Bill of Lading*, 681 F.3d at 1337.

Defendant argues that the complaint "relies on boilerplate language stating the legal conclusion to be proved." (Mtn. 7.) The Court agrees. The complaint only alleges, in pertinent part, that defendant knows the alleged components "to be especially made or especially adapted for use in infringement of the [Patents] and are not a staple article or commodity of commerce suitable for substantial non-infringing use." (Compl. ¶ 38.) This allegation, however, is nothing but a bare conclusion. *See CAP Co., Ltd.*, 2016 WL 3945875, at *6. Accordingly, the Court **GRANTS** defendant's motion to dismiss the contributory infringement claim.

### 4. Willful Infringement

"In order to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objective likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Thus, plaintiffs must meet two prongs: (i) plaintiff must show that the "infringer was aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (ii) plaintiff must show that the "infringer knew or should have known of this objectively high risk." *Vasudevan Software, Inc. v. TIBCO Software, Inc.*, No. 11-cv-06638, 2012 WL 1831543, at *2 (N.D. Cal. May 18, 2012).

Defendant argues that to "prove willful infringement, a plaintiff must prove that a defendant had knowledge of the asserted patent" prior to filing the suit. (Mtn. 8 (citing *In re Seagate Tech. LLC*, 497 F.3d 1360, 1368–69 (Fed. Cir. 2007).) On reply, defendant further argues that, for the purposes of a willful infringement claim, pre-suit knowledge of a patent application

11

United States District Court
Northern District of California

rather than an issued patent is not sufficient.  (Mtn. 9 (citing *Vasudevan Software, Inc*, 2012 WL 1831543 and *Solanex, Inc. v. MiaSole*, No. 11-cv-00171, 2011 WL 4021558 (N.D. Cal. Sept. 9, 2011)).)  In *Vasudevan*, the court found that defendant's "awareness of the [patent] application does not imply the requisite knowledge of the existence of the later-issued patent" and that the "requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar."  *Vasudevan*, 2012 WL 1831543, at *3 (noting that the result may have been different if plaintiff alleged that defendant knew when the patent-at-issue was granted).  The court in *Solanex* held similarly.  *Solanex*, 2011 WL 4021558, at *3.

The Court finds, therefore, that plaintiff failed to allege the existence of pre-suit knowledge in its complaint because plaintiff based this knowledge solely on communications it had with defendant regarding the patent application of the '356 patent and Patent No. 5,956,491, on which plaintiff is not suing.  Accordingly, the Court **GRANTS** defendant's motion to dismiss plaintiff's willful infringement claims.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss.  Plaintiff shall file a notice within five (5) business days of this Order advising whether, under Rule 15, it can and will file an amended complaint.  If so, plaintiff shall file the amended complaint within twenty (20) days of the date of this Order.  Defendant shall file a response within twenty-one (21) days of the filing of an amended complaint.

**IT IS SO ORDERED.**

Dated: June 17, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**